**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **SUN, YUCHEN JUSTIN** )<br>)<br>**Plaintiff and Counterclaim-** )<br>**Defendant,** )<br>)<br>**vs.** )<br>)<br>**DAVID GEFFEN and ITHAKA TRUST,** )<br>)<br>**Defendants and Counterclaim-** )<br>**Plaintiffs,** )<br>)<br>**and** )<br>)<br>*LE NEZ*, )<br>a sculpture, )<br>)<br>**Defendant-in-rem.** ) | **Case No. _____** |

**MOTION TO COMPEL INTERNATIONAL BANK OF CHICAGO'S COMPLIANCE**
**WITH RULE 45 SUBPOENA**

Defendants and Counterclaim-Plaintiffs David Geffen and Ithaka Trust (collectively, "Geffen") respectfully move this Court, pursuant to Rules 34(c), 37 and 45(e) of the Federal Rules of Civil Procedure, for an Order compelling subpoena respondent the International Bank of Chicago ("IBC") to immediately produce documents in response to a subpoena issued by Geffen in connection with *Sun v. Geffen* (Case No. 25-cv-00995), currently pending before Judge Torres in the United States District Court for the Southern District of New York (the "Underlying Action"). IBC has admitted it possesses responsive documents and has not provided any grounds, either through formal objection or informally during the meet-and-confer process, to withhold the documents.

The grounds supporting this Motion are more fully set forth in Geffen's contemporaneously filed Memorandum of Law in Support of Defendants and Counterclaim-Plaintiffs' Motion to Compel International Bank of Chicago's Compliance With Rule 45 Subpoena. In short, Geffen seeks to obtain documents from IBC related to an attempted (but failed) $10.5 million wire transfer constituting the partial payment for Alberto Giacometti's *Le Nez* (the "Sculpture"), which he purchased from Plaintiff and Counterclaim-Defendant Justin Sun ("Sun"). These documents are directly relevant to the claims and defenses in the Underlying Action. IBC has cited no burden or other obstacles to compliance.

On April 10, 2026, counsel for Geffen engaged in a telephonic meet and confer pursuant to Local Rule 37.2 with a representative from IBC. IBC committed to producing the master account records associated with the IBC account to which Geffen attempted to wire the funds; agreed to re-run their searches to account for alternative names/spellings of the names of Sun, related entities, and Sun's affiliates; and represented it would search for additional records using information regarding the wire transfer provided by counsel for Geffen to IBC. (Ex. 7, Correspondence Between Counsel for Geffen and IBC, at 8–9.)

From the meet and confer on April 10, 2026 to May 11, 2026, counsel for Geffen reached out to IBC no fewer than eight times asking for an update on the status of the outstanding items raised on the meet and confer. (*See generally id.*) In a final attempt to resolve this issue without motion practice, counsel for Geffen requested a call with IBC to discuss and specifically noted they were attempting "to avoid the expenses and effort of motion practice for both [IBC] and [Geffen]." (*Id* at 1.) IBC ignored the request to discuss further and simply stated they would "circle back as soon as possible." (*Id.*) On May 18, 2026, more than two months after receiving the Subpoena, IBC produced a single document showing the wire transfer took place but

2

containing no information regarding the ownership of the sub or master accounts or any correspondence surrounding the failed wire transfer. (Ex. 8.)

More than a month has passed since IBC committed to (a) producing the relevant records it has admitted to possessing and (b) searching for additional documents and correspondence surrounding the wire transfer. Geffen now moves to compel compliance with the document requests contained in the subpoena.

Dated: May 18, 2026

/s/ Brian O'Connor

SKADDEN, ARPS, SLATE,
     MEAGHER & FLOM LLP
Brian O'Connor (IL Bar No. 6330219)
320 S. Canal St.
Chicago, Illinois 60606
(312) 407-0700
brian.oconnor@skadden.com

Boris Bershteyn (*pro hac vice* forthcoming)
SKADDEN, ARPS, SLATE,
     MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001-8602
(212) 735-3000
boris.bershteyn@skadden.com

Joseph W. Baier (*pro hac vice* forthcoming)
NAGY WOLFE APPLETON LLP
31 East 62nd Street
New York, NY 10065
(646) 494-4900
jbaier@nagylaw.com

*Counsel for David Geffen and Ithaka Trust*

3

## CERTIFICATE OF SERVICE

I certify that on May 18, 2026, I served a true and correct copy of the foregoing document by electronic mail on Counsel for Justin Sun, Plaintiff and Counterclaim-Defendant in the Underlying Action:

William Laurence Charron
Helen Pearl Hunter
Maya Katalan
Paul Cossu
Pryor Cashman LLP
7 Times Square
New York, NY 10036
wcharron@pryorcashman.com
hhunter@pryorcashman.com
mkatalan@pryorcashman.com
pcossu@pryorcashman.com

Adam Shawn Mintz
Anirudh Bansal
Benjamin Haley Albert
John MacGregor, IV
Samson Aaron Enzer
Tammy Lynn Roy
Cahill Gordon & Reindel LLP
32 Old Slip
New York, NY 10005
amintz@cahill.com
abansal@cahill.com
BAlbert@cahill.com
jmacgregor@cahill.com
senzer@cahill.com
troy@cahill.com

I further certify that on May 18, 2026, I served a true and correct copy of the foregoing document by personal delivery on subpoena recipient International Bank of Chicago:

1860 Mannheim Road
Stone Park, IL 60165

*/s/ Brian O'Connor*

4